(50 South. 655.)

No. 17,733.

WEIL v. BONART.

In re WEIL.

(Nov. 2, 1909. Rehearing Denied Nov. 29, 1909.)

LANDLORD AND TENANT (§ 150*)—REPAIRS TO BUILDING—LIABILITY OF LANDLORD.

Plaintiff leased from defendant for a retail clothing store a building on Rampart street. The front of the lower story on Rampart street was made of plate glass. The plate glass was broken at night by burglars. The lessee notified Bonart of that fact, and called on him to replace the front. On his refusal to do so, Weil replaced the front at what is conceded to have been a reasonable sum. He then brought suit against his lessor for reimbursement of the amount so expended. The lower court rendered judgment in his favor, but the Court of Appeal on appeal reversed the judgment.

Held, that the judgment of the Court of Appeal was erroneous, and that of the lower court was correct.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 555; Dec. Dig. § 150.*]

(Syllabus by the Court.)

Action by Isaac L. Weil against Sam Bonart. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and judgment of city court affirmed.

Benjamin Rice Forman, for applicant. Edgar M. Cahn, for respondent.

NICHOLLS, J. In plaintiff's application for this writ of review, the plaintiff alleged that the defendant, Bonart, had leased to him the store, 614 and 616 South Rampart street, for the purpose of having a clothing store, and that at the time that the lease was made the front on Rampart street was made of plate glass, and said plate glass was necessary to be maintained in order that the premises might be used for the purposes for which it was leased; that on 23d of August, 1908, and during the term of the lease, the plate glass front was broken in the nighttime through no fault of the tenant or his agent, but by burglars; that the plaintiff immediately notified the lessor in writing to replace the glass front, which he refused to do; that the plaintiff then had it replaced at a cost of $50, which was a reasonable sum; that he then brought suit against Bonart, claiming reimbursement of that amount; that the court rendered judgment in his favor against Bonart, condemning him to pay the said sum; that the defendant appealed the case to the Court of Appeal, and that court reversed the judgment; that he unsuccessfully applied for a rehearing.

On application the case has been ordered up, and is now before the court for review.

The facts of the case are conceded. Resistance to Weil's claim to reimbursement for the amount paid by him for replacing the plate glass front is based upon the provisions of articles 2693–2699 and 2716 of the Revised Civil Code, which read as follows:

Article 2716:

"The repairs which must be made at the expense of the tenant are those which, during the lease, it becomes necessary to make. To the hearth, to the back of chimneys and chimney casing; to the plastering of the lower part of interior walls; to the pavement of rooms when it is but partially broken, but not when it is in state of decay; for replacing window glass, when broken accidentally, but not when broken either in whole or in their greatest part by a hail storm or by any other inevitable accident; to windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."

Article 2693 reads:

"The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make during the continuance of the lease, all the repairs which may accidentally become necessary, except those which the tenant is bound to make as hereafter directed."

Article 2699:

"If, without any fault of the lessor, the thing cease to be fit for the purpose for which it was leased, or if the use be much impeded, as if by a neighbor, by raising his walls, shall intercept the light of a house leased, the lessee may, according to circumstances, obtain the annulment of the lease, but has no claim for indemnity."

Weil, on the other hand, relies upon article 2692 and article 2694 of the same Code:

"The lessor is bound from the very nature of the contract and without any clause to that effect:
"1. To deliver the thing leased to the lessee.
"2. To maintain the thing in a condition such as to serve for the use for which it is hired.
"3. To cause the lessee to be in a peaceable possession of thing during the continuance of the lease." Article 2692.
"If the lessor do not make the necessary repairs (those required in article 2693) the lessee may himself cause them to be made and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable." Article 2694.

We are of the opinion that article 2716 of the Revised Civil Code, in dealing with the repairs which a lessee is required to make at his own expense, has no reference to the breaking of the plate glass front of a building leased for the purpose of carrying on a retail clothing store. It cannot be supposed that either the lawmakers or the parties to a contract of lease would contemplate that a breakage of so extended a character, involving so large an expenditure of money, and carrying with it necessarily such serious consequences to the owner, as well as the tenant, should have been placed at the risk of the tenant, and that the latter should be made to bear the expense of replacing a por-. tion of the framework of the building, for such the plate glass front is. This he would be forced practically to do, if defendant be correct. No one constructing a house to be leased either as a store or occupied as a residence would think of offering it for leasing with the front of the lower story still open. Such a building would be incomplete and unfit for occupancy for either residential or store purposes; and as the completion of the building at the beginning of a lease would be expected and required of the owner, so the obligation of the lessor is to see that the building should remain a completed one until the termination of the lease. The plate glass front of a retail store is not constructed (as defendant urges) for the exclusive benefit and profit of a particular tenant, in order to enable him more readily to expose his wares to public view and promote his sales. That particular character of front is intended to be permanent, and to result in the interest of the owner in obtaining, by reason of the same, higher rent from future as well as the present tenant. No good ground exists for making a tenant occupying premises at a particular date for a limited time to expend in the interest of the owner his own money in order to remedy injuries to the property arising from outside causes through no fault of his.

The plaintiff is not claiming herein anything for damage suffered by himself. He is simply asking reimbursement to him of a reasonable amount, which he was compelled to pay in order to replace the building in the condition in which he had the right to insist that it should be placed, in order that he could carry on his business with security. If the lessee were claiming damages from his lessor for loss to himself for the breaking of the glass front, a very different question would be presented.

We are of the opinion that the judgment of the Court of Appeal, brought up herein for review, is erroneous, and that the judgment of the city court, which the Court of

Appeal reversed on appeal to that court, was correct.

For the reasons assigned herein, the judgment of the Court of Appeal for the Parish of Orleans, herein brought up for review, is hereby annulled, avoided, reversed, and set aside. It is further ordered, adjudged, and decreed that the judgment of the city court, which the judgment of the Court of Appeal, herein annulled and set aside, itself reversed on appeal, be and the same is hereby affirmed; the defendant paying costs in all the courts.